UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES DAVIS, #267113,

       Petitioner,

v.

       CASE NO. 2:11-CV-10446
       HONORABLE PAUL D. BORMAN

KEN MCKEE,

       Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Charles Davis ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in custody in violation of his constitutional rights. Petitioner pleaded guilty to possession with intent to deliver less than 50 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iv), in the Jackson County Circuit Court and was sentenced to 12 to 20 years imprisonment in 2007. In his pleadings, he raises claims concerning the validity of his sentence and the effectiveness of trial and appellate counsel. For the reasons stated, the Court denies the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.     Facts and Procedural History

Petitioner's conviction arises from the police discovery of 130 grams of powder cocaine, a small amount of crack cocaine, methadone pills, other pills, and digital scales during a search of his apartment in Jackson, Michigan on July 20, 2006.  Petitioner pleaded guilty to possession with intent to deliver less than 50 grams of cocaine on February 22, 2007 in exchange for the dismissal of charges for possession with intent to deliver between 50 and 450 grams of cocaine, possession of methadone, and operating a drug house and an agreement that he not be sentenced as a fourth habitual offender.  The trial court conducted a sentencing hearing on March 29, 2007.  At that hearing, neither Petitioner nor defense counsel objected to the scoring of the guidelines or made any corrections to the pre-sentence report.  The minimum sentence guideline range was determined to be 38 to 76 months imprisonment.  The trial court departed above those guidelines and sentenced Petitioner to 12 to 20 years imprisonment.  The court cited the amount of cocaine found at the apartment, Petitioner's history of drug offenses, and his parole record as reasons for the upward departure.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that: (1) the trial court erred in scoring Offense Variable 15, and (2) the trial court erred in exceeding the minimum guideline range.  The court denied the application "for lack of merit in the grounds presented." *People v. Davis*, No. 280877 (Mich. Ct. App. Oct. 30, 2007).  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Davis*, 480

Mich. 1075, 744 N.W.2d 155 (2008).

Petitioner subsequently filed a motion for relief from judgment with the state trial court asserting that: (1) appellate counsel was ineffective for failing to file a motion for re-sentencing in the lower court to preserve his sentencing issues, (2) his sentence is invalid where the trial court relied on inaccurate information in determining sentence, (3) trial counsel was ineffective for failing to object to inaccurate information at sentencing, including mis-scored Offense Variable 15 and Prior Record Variable 5, and failing to object when the trial court exceeded the minimum guideline range, and (4) appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel on appeal. The trial court denied the motion finding that the Offense Variable 15 claim was barred by Michigan Court Rule 6.508(D)(2) because it was decided on direct appeal and that the remaining claims were precluded by Michigan Court Rule 6.508(D)(3) because Petitioner failed to establish cause and prejudice for not raising the issues on direct appeal. *People v. Davis*, No. 06-003778-FH (Jackson Co. Cir. Ct. Dec. 4, 2008).

Petitioner filed a second motion for relief from judgment asserting that: (1) the trial court abused its discretion by failing to disqualify itself due to a conflict of interest, and (2) he is entitled to relief where the evidence presented is newly-discovered. The trial court construed the motion as a request for reconsideration and denied it as barred by Michigan Court Rule 6.502(G)(1) on July 22, 2009. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."

*People v. Davis* No. 294636 (Mich. Ct. App. Jan. 13, 2010). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Davis*, _ Mich. _, 787 N.W.2d 501 (2010).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I. The trial court erred in scoring Offense Variable 15.

II. The trial court erred in exceeding the minimum guideline range.

III. Appellate counsel's failure to file a motion for re-sentencing in the lower court to preserve the sentencing issues constituted ineffective assistance of counsel.

IV. He is entitled to re-sentencing because the sentence is invalid where the trial court relied on inaccurate information in determining sentence.

V. He has met the burden of establishing entitlement to relief under MCR 6.508(D) and is entitled to re-sentencing.

Respondent has filed an answer to the petition contending that it should be denied because the claims lack merit and/or are barred by procedural default.

## III. Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable

> determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per

5

curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to

apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

**IV.    Analysis**

    **A.    Procedural Default**

As an initial matter, Respondent contends that some of Petitioner's claims are procedurally defaulted. It is well-settled that federal courts on habeas review "are not

required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The Supreme Court has explained the rationale behind such a policy: "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the substantive issues are easier to resolve. Accordingly, the Court shall proceed to the merits of Petitioner's claims.

### B. Scoring of Offense Variable 15

Petitioner first asserts that he is entitled to habeas relief because the state trial court erred in scoring Offense Variable 15 at 50 points instead of 5 points. Offense Variable 15 allows for a score of 50 points when the offense involves drug amounts of more than 50 grams but less than 450 grams, and allows for a score of 5 points when the offense involves less than 50 grams. MICH. COMP. LAWS § 777.45(1)(c), (g). Petitioner raised this claim on direct appeal. Both Michigan appellate courts denied leave to appeal.

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Petitioner's sentence is within the statutory maximum of 20 years imprisonment. *See* MICH. COMP. LAWS § 333.7401(2)(a)(iv). A sentence within the statutory limit is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state court's sentencing decision are not

cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner makes no such showing. His sentence is within the statutory maximum set by state law.

Moreover, Petitioner cannot prevail on his claim that the trial court erred in scoring Offense Variable 15. Such a claim is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Any error in scoring the offense variables and determining the guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived state law errors. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Habeas relief is not warranted on this claim.

  **C.**  **Upward Departure**

Petitioner next asserts that he is entitled to habeas relief because the trial court erred at sentencing by departing upward from the minimum guideline range. Petitioner raised this claim on direct appeal. Both Michigan appellate courts denied leave to appeal.

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application thereof. This claim is not cognizable on federal habeas review because it is a state law claim. *See Austin v. Jackson*, 213 F.3d 298, 300-01 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 27, 41 (1984)); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (ruling that departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Any alleged error in departing above the guideline range does not merit habeas relief. Petitioner's sentence is within the statutory maximum. Moreover, the trial court found that the upward departure was justified under state law based upon the nature of the offense and Petitioner's criminal record and parole history. As noted, state courts are the final arbiters of state law and federal courts will not intervene in such matters. Habeas relief is not warranted on this claim.

### D.     Effectiveness of Appellate Counsel - Motion for Re-Sentencing

Petitioner next asserts that he is entitled to habeas relief because appellate counsel failed to file a motion for re-sentencing to preserve his sentencing claims on direct appeal. Petitioner first raised this claim in his motion for relief from judgment and the state courts denied relief pursuant to Michigan Court Rule 6.508(D).

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application thereof.[1] In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

As to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy. *Id.* at 689.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient

---

[1] The Court would reach the same result under a *de novo* standard of review.

11

to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has recently confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard. *Id.* at 788.

In this case, even assuming that appellate counsel erred by failing to file a motion for re-sentencing in the trial court (or for remand in the appellate court), Petitioner cannot show that he was prejudiced by counsel's conduct. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on direct appeal "for lack of merit in the grounds presented" and did not rely upon any failure to file a motion for re-sentencing or remand or otherwise preserve the issue for appeal. Consequently, Petitioner cannot establish that appellate counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

### E. Accuracy of Sentencing Information

Petitioner also asserts that he is entitled to relief because the trial court relied upon inaccurate information at sentencing. Specifically, he claims that the trial court incorrectly scored Prior Record Variable 5 at 10 points for three or four misdemeanors when it should have only been scored at 5 points for two misdemeanors, *see* MICH. COMP. LAWS § 777.55(1)(c), (d), and that the trial court improperly considered misdemeanors from 1984 and 1993 in departing above the guidelines. He also claims that the trial court falsely assumed that he was using drug money to support his 22 children when Social Security paid his child support. Petitioner first raised these issues in his motion for relief from judgment and the state courts denied relief pursuant to Michigan Court Rule 6.508(D).

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application thereof.[2] First, to the extent that Petitioner challenges the scoring of the Prior Record Variable 5 or the basis for the upward departure, he merely raises state law issues which are not cognizable on habeas review. *See* discussion *supra*. Second, as explained by the trial court in denying relief from judgment and exhibited by the pre-sentence report, Offense Variable 5 was properly scored because Petitioner did not have a 10-year gap between offenses. There is no exclusion under Michigan law for the older misdemeanors because from the first counted misdemeanor to his current

---

[2]The Court would reach the same result under a *de novo* standard of review.

offense, Petitioner did not have a 10-year gap between a discharge date and a subsequent offense commission date that would cut off the prior convictions. *See* MICH. COMP. LAWS § 777.50. Prior Record Variable 5 was properly scored. Additionally, the trial court was not precluded from considering misdemeanors from 1984 and 1992 in determining whether to depart above the guidelines. *See, e.g., People v. Price*, 477 Mich. 1, 5 n. 3, 723 N.W.2d 201 (2006) (indicating that a long criminal history can provide a substantial and compelling reason for an upward departure); *People v. Minichiello*, No. 307962, 2013 WL 967599, *3 (Mich. Ct. App. Feb. 21, 2013) (citing *Price*).

Petitioner also cannot prevail on his claim that the trial court relied upon false information as to his prior record, the scoring of the guidelines, or the financial support for his 22 children. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, a petitioner must show that the court relied on the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has not done so. The record reflects that the trial court considered the circumstances of the crime, the pre-sentence reports, Petitioner's history, and other permissible factors at sentencing. While the trial court commented on the number of children Petitioner had to support, his

14

lack of employment, and his disability payments, the court did so in the context of discussing Petitioner's drug dealing. Even if the court was mistaken about Petitioner's child support obligations, the court did not base its sentencing decision on such matters. Rather, the court focused on the crime and Petitioner's criminal record. More importantly, Petitioner and defense counsel had an opportunity to contest the accuracy of the information before the court and to make a statement at sentencing. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing his sentence which he or defense counsel had no opportunity to correct. Habeas relief is not warranted.

### F.     Entitlement to Relief under MCR 6.508(D) - Effectiveness of Counsel

Lastly, Petitioner asserts that he is entitled to habeas relief because the state courts erred in denying relief from judgment. Specifically, he claims that trial counsel was ineffective at sentencing for failing to object to the scoring of Offense Variable 15 and Prior Record Variable 5, the allegedly inaccurate information, and the upward departure. He further claims that appellate counsel was ineffective on direct appeal for failing to present an ineffective assistance of trial counsel claim. Petitioner first raised these issues in his motion for relief from judgment and the state courts denied relief pursuant to Michigan Court Rule 6.508(D).

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application thereof.[3] In order to establish ineffective assistance of counsel, a habeas petitioner must satisfy *Strickland*'s two-part test of showing that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. As noted, judicial scrutiny of counsel's performance is "highly deferential," *id*. at 689, and the defense is prejudiced only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Petitioner cannot establish that trial counsel was ineffective under the *Strickland* standard for failing to object to the scoring of the guidelines or for failing to object to the upward departure given that those issues were raised on direct appeal and the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." Counsel cannot be deemed ineffective for failing to argue a meritless position. *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Additionally, even if counsel erred in failing to object to the scoring of the guidelines, Petitioner cannot establish that he was prejudiced by such conduct because the trial court chose to depart above the guidelines and the state courts ruled that the upward departure was appropriate. In other words, any failure to object to the scoring of the guidelines was harmless error. *See, e.g., Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (ruling that an error which implicates

---

[3]The Court would reach the same result under a *de novo* standard of review.

trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence" on the result of the proceeding). Petitioner similarly cannot prevail on his claim that trial counsel was ineffective for failing to object to inaccurate information at sentencing. He has failed to show that the trial court relied upon materially false or inaccurate information in imposing his sentence – and the record belies his claim. The trial court also determined that such issues lacked merit in denying relief from judgment. Consequently, Petitioner cannot establish that trial counsel erred and/or that he was prejudiced by counsel's conduct. *Steverson*, 230 F.3d at 225.

Petitioner has also failed to demonstrate that appellate counsel was ineffective for failing to present an ineffective assistance of trial counsel claim on direct appeal. It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the … goal of vigorous and effective advocacy …. Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id*. at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S.

17

at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that by omitting the claims presented in his motion for relief from judgment, appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel raised two substantial sentencing issues on direct appeal and none of the collateral review issues are "dead-bang winners." Moreover, given that Petitioner has failed to demonstrate that trial counsel was ineffective, he cannot show that appellate counsel was ineffective for failing to raise that issue on direct appeal. As noted, counsel cannot be deemed ineffective for failing to raise a meritless claim. *Steverson*, 230 F.3d at 225. Petitioner has thus failed to establish that trial and appellate counsel were ineffective under the *Strickland* standard. Habeas relief is not warranted.

## V.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right. The Court therefore **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

Dated:  May 23, 2013

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

19

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 23, 2013.

                               s/Deborah R. Tofil
                               Deborah R. Tofil